### CINCINNATI TRACTION CO. v. AMASA JOHNSON.

INSTRUCTION IN NEGLIGENCE CASE IMPOSING LIABILITY IF MOTORMAN MIGHT HAVE KNOWN OF PLAINTIFF'S PERIL, IN ABSENCE OF SUCH AVERMENT, IS ERRONEOUS.

In the absence of an averment that the motorman of a street car which caused the injury complained of, knew or should have known of the plaintiff's peril, a charge of court which makes the defendant company liable for the resulting injury, if the jury find from the evidence that the motorman might have stopped the car after he became aware, or by the exercise of reasonable care might have become aware, of the danger to which plaintiff was exposed, is erroneous and prejudicial.

ERROR to Hamilton common pleas court.

**Kittredge & Wilby,** for plaintiff in error.

**C. T. Dumont** and **Coppock & Hertenstein,** for defendant in error.

**GIFFEN, J.**

The court charged the jury as follows:

"If you should find that the plaintiff did place himself in a position of danger through some remote negligence of his own, and yet notwithstanding this the motorman in charge of the car became aware of his danger in time to stop the car by using the means at hand, and failed to do so, then the plaintiff may recover notwithstanding the negligence of the plaintiff; but it is for you to say gentlemen whether this exception applies to this case."

No such negligence was charged in the petition, and hence the instruction was erroneous and prejudicial. *Drown* v. *Traction Co.* 76 Ohio St. 234 [81 N. E. Rep. 326; 10 L. R. A. (N. S.) 421].

There is indeed no real negligence stated in such pleading. The only allegation on that subject is as follows:

"The agents of the defendant in charge of said car carelessly and negligently turned on the electricity in such quantity that defendant's car was driven against plaintiff's wagon with such force that plaintiff was violently thrown from his wagon upon the curbing of the street."

The defect in the pleading consists in the omission of any averment that the agents of the defendant in charge of the car knew, or by the exercise of ordinary care would have known, at the time the electricity was so turned on, that the plaintiff's wagon was upon or so near the track that it would be struck.

Judgment reversed and cause remanded for further proceedings according to law.

**Swing** and **Smith, JJ.,** concur.